IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN ROPPA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10-cv-1428 |
| | ) | |
| v. | ) | Judge Nora Barry Fischer |
| | ) | Chief Magistrate Judge Lisa Pupo |
| GEICO INDEMNITY CO., | ) | Lenihan |
| | ) | |
| Defendant. | ) | ECF Nos. 4, 14 |
| | ) | |
| | ) | |

## MEMORANDUM ORDER

The Complaint in the above captioned case was filed in the Court of Common Pleas of Allegheny County, Pennsylvania on or about September 24, 2010. Subsequently, this action was removed to this Court by Defendant on October 26, 2010, and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D.

The Magistrate Judge's Report and Recommendation (ECF No. 14), filed on December 29, 2010, recommended that the Motion to Dismiss Count II of the Complaint (ECF No. 4) filed by Defendant GEICO Indemnity Company be granted in part and denied in part. Specifically, the Magistrate Judge recommended that Defendant's Motion to Dismiss be granted with respect to those allegations of bad faith conduct preempted by § 1797 of the MVFRL, enumerated at ¶¶48(a)-(d) and 48(f) - (i) of the Complaint, and that the Motion be denied to the extent Plaintiff's statutory bad faith claim is predicated upon allegations of GEICO's abuse of the PRO process, as set forth

in ¶48(e) and ¶48(j) of the Complaint. Service was made on all counsel of record. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that they had fourteen (14) days to file any objections. No objections were filed to the Report and Recommendation.

After review of the pleadings and documents in the case, together with the Report and Recommendation, the following Order is entered:

**AND NOW**, this 19th day of January, 2011,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Count II of the Complaint filed by Defendant GEICO Indemnity Company (ECF No. 4) is **GRANTED IN PART** and **DENIED IN PART**. Said Motion is granted with respect to those allegations of bad faith conduct which are preempted by § 1797 of the MVFRL, enumerated at ¶¶48(a)-(d) and 48(f) - (i) of the Complaint, and Plaintiff's statutory bad faith claim is **DISMISSED WITH PREJUDICE** to the extent it is predicated upon the allegations enumerated in ¶¶ 48(a) - (d) and 48(f) – (i) of the Complaint. Said Motion is **DENIED** to the extent Plaintiff's statutory bad faith claim is predicated upon allegations of GEICO's abuse of the PRO process as set forth in ¶48(e) and ¶48(j) of the Complaint.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 14) of Chief Magistrate Judge Lenihan, dated December 29, 2010, is adopted as the opinion of the Court.

NORA BARRY FISCHER
United States District Judge

cc: All Counsel of Record
*Via Electronic Mail*